**THE CHARLAND LAW FIRM**
3707 North 7th Street
Suite 250
Phoenix, AZ 85014
(602)944-7499
litigation@CharlandLawFirm.com

Name and State Bar No. John E. Charland, #012089

Attorney for Plaintiff

### UNITED STATES DISTRICT COURT

### IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PATRICIA BALLENTINE, ) | CIVIL ACTION NO. |
| ) | |
| Plaintiff, ) | **CLASS ACTION COMPLAINT AND DEMAND** |
| ) | **FOR JURY TRIAL** |
| vs. ) | |
| ) | |
| NORTHSTAR  LOCATION  SERVICES, ) | |
| LLC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

_____

Plaintiff Patricia Ballentine suing on behalf of herself and others similarly situated, complains as follows:

### INTRODUCTION

1.  This is an action for damages brought by individual consumers, on behalf of themselves and others similarly situated, for defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (hereinafter, "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### PARTIES, JURISDICTION & VENUE

2.  Plaintiff, Patti Ballentine, is a natural person and resident of Maricopa County, Arizona.

3.  Defendant Northstar Location Services, LLC (hereafter referred to as "Northstar") is a New York limited liability

corporation engaged in the business of debt collection within the State of Arizona and license in the State of Arizona.  Northstar is engaged in the business of collecting consumer debts and regularly collects consumer debts through the mails and telephone.  Northstar is a "debt collector" as defined in the FDCPA, 15 U.S.C. § 1692(a)(6).

4.  Defendant caused events to occur in Maricopa County, Arizona out of which this complaint arises.

5.  This court has subject matter jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1332, and, 28 U.S.C. § 1337.

6.  Venue in this district is proper based on 28 U.S.C. § 1391, because the events complained of in this complaint occurred in this district.

### SPECIFIC ALLEGATIONS

7.  Beginning in December 2008, defendant repeatedly called plaintiff to collect a debt.

8.  Beginning January 2009 defendant called plaintiff more than 28 times in a two month period.  Most calls were recorded messages that did not identify the caller.

9.  On February 2, 2009, defendant called plaintiff demanding that she needed to call its "legal" department in less than an hour's time.

10. On March 4, 2009, Northstar employee Tom Kenna called a third party, plaintiff's husband, in a threatening tone attempting to collect a debt.

11. On March 4, 2009, Mr. Kenna called plaintiff's employer and ridiculed the company name, which plaintiff's employer, the

company's owner, heard.  Mr. Kenna then insisted plaintiff call him to resolve the matter amicably.   Several employees heard the message.

12. On or about March 5, 2009, plaintiff called Mr. Kenna back, but he was not in, so she spoke to his supervisor, Rick Lechner. During this conversation Mr. Lechner attempted to collect the alleged debt from plaintiff.   Ms. Ballentine asked for Mr. Lechner's address and he refused to give it to her.  Ms. Ballentine informed Mr. Lechner that Northstar was not allowed to call her again at any number (home or work) and to please contact her only in writing.

13. On March 10, 2009, Tom Kenna called plaintiff's home and left a message for plaintiff at her home saying that he knew she had called, but she had not spoken with him and that she needed to call him back to resolve the matter in an amicable way.

14. On March 10, 2009, Mr. Kenna called plaintiff's work and left a message that other employees heard, stating that he knew plaintiff had called, but that she had not spoken to him and that she needed to call him personally to resolve this matter amicably.

15. On March 13, 2009, Ms. Ballentine mailed a certified, return receipt requested letter to defendant disputing the debt and demanding all contact be in writing.  Northstar received and signed for the letter on March 16, 2009.

16. On March 13, 2009, Ms. Ballentine received a standard letter from Northstar attempting to collect the alleged debt.  This communication contained the first notice of validation rights provided by defendant.

17. On March 17, 2009, plaintiff received a message on her home phone from a "Miss Benjamin" at around 8:48 a.m.  The message stated that Miss Benjamin was calling for Patricia Ballentine "in accordance with Federal and State regulations to obtain information on all parties involved.  Your name already has been implicated. You or your representative need to call back immediately."

18. On March 17, 2009, Miss Benjamin also called plaintiff's employer stating she was calling for Patricia Ballentine "in accordance with Federal and State regulations to obtain information on all parties involved.  Your name already has been implicated. You or your representative need to call back immediately."

## CLASS ALLEGATIONS

19. This action is brought as a class action.  Plaintiff tentatively defines the class as all persons in the State of Arizona who, during the one year prior to the filing of this complaint, were contacted by defendant after informing defendant not to make contact and for whom defendant already had location information. Plaintiff may subsequently refine the class definition in light of discovery.

20. The class is so numerous that joinder of all members is impractical. On information and belief, defendant continues to contact consumers when told not to, just to harass the consumer and that this has been done to scores of consumers on debts defendants have sought to collect.

21. There are questions of law and fact, common to the class which predominate over any questions affecting only individual class members.  The principal question is whether defendants Northstar's conduct in continuing to contact consumers when told

4

not to under the guise of seeking location information that defendant already possessed violates the FDCPA.

22. There are no individual questions other than whether a class member was contacted after defendant was told to seize contact, which can be determined by administerial inspection of defendant's records.

23. Plaintiff will thoroughly and adequately protect the interests of the class. Plaintiff is committed to vigorously litigating this matter. Plaintiff is greatly annoyed at being the victim of defendant's illegal practices and wishes to see that the wrong be remedied. Neither plaintiff, nor his counsel have any interest which might cause them not to pursue this claim vigorously.

24. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

25. A class action is a superior method for the fair and efficient adjudication of this controversy. The consumers were contacted after telling defendant to cease collection efforts. Defendants' failure to follow the FDCPA's prescriptions could lead the "least sophisticated consumer" to misunderstand the full nature of the protections afforded him or her pursuant to the FDCPA.

26. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because the maximum statutory damages in an individual action is $1,000.00 thus making it less likely that consumers would pursue separate claims. Management of this class claim is likely to

present significantly fewer difficulties than those presented in many class claims, e.g. securities fraud.

### FIRST CAUSE OF ACTION
### (Fair Debt Collection Practices Act)

27. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated 15 U.S.C. § 1692g(a)(3) by failing to submit a timely validation notice.

b. Defendant violated 15 U.S.C. § 1692(g) by continuing to attempt to collect a debt despite plaintiff's demand for verification.

c. Defendant violated 15 U.S.C. § 1692c(c) by failing to cease collection efforts when plaintiff told defendant she would not be paying the alleged debt and to cease calling her.

d. Defendant violated 15 U.S.C. § 1692d(6) by placing calls with voice messages without a meaningful identification of the caller.

e. Defendant violated 15 U.S.C. § 1692d(5) by causing plaintiff's phone to ring repeatedly.

f. Defendant violated 15 U.S.C. § 1692d and § 1692d(5) by intentionally causing and engaging in repeated collection efforts, so to annoy and harass plaintiff.

g. Defendant violated 15 U.S.C. § 1692d(2) by using language the natural consequence was to humiliate, harass and abuse plaintiff.

h. Defendant violated 15 U.S.C. § 1692e(11) by failing to state that the debt collector was attempting to collect a debt and that any information obtained would be used for that purpose.

i. Defendant violated 15 U.S.C. § 1692d(3) by publicizing a list of debtors when it called plaintiff's work and left messages on the company voice mail concerning the debt's being resolved amicably.

j. Defendant violated 15 U.S.C. § 1692(c) by contacting plaintiff's employer after being told both orally and in writing not to do so.

k. Defendant violated 15 U.S.C. § 1692c(b) by communicating with third parties about the debt.

l. Defendant violated 15 U.S.C. 1692c(a)(1) by calling at a place known to be inconvenient to plaintiff when defendant continued to call plaintiff at work when orally told not to.

28. As a direct and proximate cause of defendant's FDCPA violations, plaintiff has suffered mental and physical injury.

**WHEREFORE,** plaintiff requests the following relief:

a. For statuary and actual damages in an amount to be proved at trial;

b. For consequential and incidental damages in an amount to be proved at trial;

c. For prejudgment interest;

d. For costs and attorney fees pursuant to the FDCPA;

e. For all and any further relief as the court may deem just and equitable.

### DEMAND FOR JURY TRIAL

Pursuant to rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues triable by jury.

1    DATED THIS 6th day of November, 2009.

2                        THE CHARLAND LAW FIRM

3

4                        ___s/_____
                         John E. Charland, Esq.
5                        3707 North Seventh Street
                         Suite 250
6                        Phoenix, Arizona 85014

7
complaint.n06
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28